UNITED STATES OF AMERICA
IN THE DISTRICT COURT OF THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMY FLOWERS, </br></br> v. </br></br> ANITRA PARRISH STECKENRIDER, individually and in her official capacity, and WEXFORD HEALTH SOURCES, INC., a Pennsylvania corporation, </br></br> Defendants. | Civil Action No.3 :14-cv-00877-NJR-PMF |

COMPLAINT

COMES NOW, Plaintiff AMY FLOWERS, by and through her attorneys, the Weilmuenster Law Group, P.C., and for her Complaint against ANITRA PARRISH STECKENRIDER, individually and in her official capacity, and WEXFORD HEALTH SOURCES, INC., a Pennsylvania corporation, states as follows:

Parties

1. That at all relevant times herein, Plaintiff AMY FLOWERS ("Amy Flowers") was a resident of Perry County in the State of Illinois and a citizen of the State of Illinois.

2. That at all relevant times herein, Defendant ANITRA PARRISH STECKENRIDER ("Anitra Steckenrider") was a resident of the State of Illinois and a citizen of the State of Illinois.

3. That at all relevant times herein, Defendant WEXFORD HEALTH SOURCES, INC. ("Wexford") was a Pennsylvania corporation with its principal place of business located at

425 Holiday Drive, Foster Plaza Two, Pittsburgh, Pennsylvania and was a citizen of the Commonwealth of Pennsylvania.

## General Allegations

4. That from at least January 1, 2013 to the present, Wexford was a provider of medical, mental health, pharmacy, rehabilitation, utilization management, claims processing, and technology services to state, regional, and local correctional facilities across the country.

5. That from at least January 1, 2013 to the present, Wexford contracted with the State of Illinois to provide comprehensive medical, dental, mental health, and pharmacy services to sentenced adult offenders remanded to the care of the Illinois Department of Corrections.

6. That from at least January 1, 2013 to the present, Pinckneyville Correctional Center was a correctional facility operated by the State of Illinois and located at 5835 State Route 154, Pinckneyville, Illinois.

7. That from at least January 1, 2013 to the present, Wexford provided medical, dental, mental health, and pharmacy services within the Pinckneyville Correctional Center.

8. That from at least January 1, 2013 to the present, Amy Flowers was an employee of Wexford providing nursing services within the Pinckneyville Correctional Center.

9. That from at least January 2013, until January 2014, Anitra Steckenrider was an employee of Wexford and served as Director of Nursing within the Pinckneyville Correctional Center.

10. That from January 2013 until January 2014, Anitra Steckenrider served in a managerial and supervisory capacity for Wexford, and was empowered to act on Wexford's behalf.

11. That from January 2013 until the present, Vipin Shah, M.D., was an employee of Wexford and served as Medical Director within the Pinckneyville Correctional Center.

12. That from at least January 2013 until the present, Vipin Shah, M.D. served in a managerial and supervisory capacity for Wexford, and was empowered to act on Wexford's behalf

13. That on multiple from February 2013 until January 2014, Amy Flowers was subjected to Anitra Steckenrider's offensive statements and conduct, including but not limited to:

   a. The desire for sexual relations with male co-workers, using objectively and subjectively offensive language;
   b. Personal sexual experiences, including statements concerning the size of her boyfriend's penis; and
   c. Alleged sexual activity with male co-workers.

14. That on multiple occasions from March 2013, until at least June 2013, Amy Flowers was subjected to unwelcome and offensive statements expressed by Vipin Shah, M.D. which were directed at and referring to Amy Flowers, including:

   a. Multiple occasions wherein Vipin Shah, M.D., referred to Amy Flowers as "Big Amy," and
   b. An occasion wherein Vipin Shah, M.D., referred to Amy Flowers as a "fucking whore" after requesting that Vipin Shah, M.D. refrain from referring to Amy Flowers as "Big Amy."

Jurisdiction and Venue

15. That jurisdiction is proper in this Court pursuant to 28 U.S.C. § § 451 and 1331. This action is authorized and instituted pursuant to Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e ("Title VII").

16. That jurisdiction is also proper pursuant to 28 U.S.C. 1367(a) in that the claims averred herein are so related to the claims in the action over which this Court has original jurisdiction, that they form a part of the same case or controversy under Article III of the United States Constitution.

17. That venue is proper pursuant to 28 U.S.0 § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims herein occurred in the Southern District of Illinois.

18. That in relevant part, this action arises from civil rights violations of 775 ILCS 5/2-102(D).

19. That the civil rights violations and conduct alleged to be unlawful were committed at the Pinckneyville Correctional within the jurisdiction of the Southern District of Illinois in Perry County, Illinois.

## Count I
### Amy Flowers v. Wexford
*(Title VII)*

20. That Plaintiff Amy Flowers hereby incorporates paragraphs 1 through 19 herein as though fully set forth herein.

21. That this is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Amy Flowers who was adversely affected by such practices.

22. That while employed by Wexford, Amy Flowers was subjected to regularly occurring, egregious sexual harassment on account of her sex by Wexford supervisors, including Anitra Steckenrider and Vipin Shah, M.D.

23. That Amy Flowers and similarly situated female co-workers received disparate treatment in the workplace and were subjected to egregious sexual harassment and unlawful conduct to which male co-workers were not subjected.

24. That the egregious sexual harassment was sufficiently severe and/or pervasive to create a hostile and intimidating work environment, and sexual harassment became a condition of Amy Flowers's employment.

25. That the sexual harassment and unlawful conduct was both subjectively and objectively offensive.

26. That Defendant Wexford, by and through its agents, servants, and/or employees, was aware of the sexual harassment and egregious conduct.

27. That Defendant Wexford failed to take appropriate corrective action to end the sexual harassment.

28. That the sexual harassment altered the terms and conditions of Amy Flowers's employment.

29. That the effect of the practice(s) complained of has been to deprive Amy Flowers of equal employment opportunities and otherwise affect her status as an employee because of her sex.

30. That as a direct and/or proximate result of the egregious and offensive conduct of Wexford, by and through its supervisory and/or managerial agent and employees, including Anitra Steckenrider and Vipin Shah, M.D., as described herein, Amy Flowers has sustained severe and permanent psychological injuries, and as a result thereof he has and will continue to experience:

    a. Mental pain and suffering;
    b. Emotional distress;
    c. Loss of a normal life;
    d. Lost wages; and
    e. Medical and counseling expenses.

WHEREFORE, Plaintiff prays this Court award judgment in favor of the Plaintiff and against the Defendant Wexford for compensatory and exemplary damages in an amount in excess of $50,000.00, plus attorney's fees, litigation costs, and costs of suit and for any other and further relief deemed just and proper under the circumstances.

Count II
Amy Flowers v. Wexford
*(Illinois Human Rights Act -- Sexual Harassment)*

31. That Plaintiff Amy Flowers hereby incorporates paragraphs 1 through 30 herein as though fully set forth herein.

32. That while employed by Wexford, Amy Flowers was subjected to unwelcome, egregious sexual harassment perpetrated by Wexford's Director of Nursing, Anitra Steckenrider.

33. That while employed by Wexford, Amy Flowers was subjected to unwelcome, egregious, and offensive sexual harassment perpetrated by Wexford's Medical Director, Vipin Shah, M.D.

34. That on a regular basis, Amy Flowers was subjected to Anitra Steckenrider's uninvited statements of an egregious and offensive sexual nature concerning male co-workers and Anitra Steckenrider's sexual preferences and sexual experiences, including obscene and derogatory language.

35. That Anitra Steckenrider's uninvited statements of an egregious sexual nature were severe, pervasive, and objectively and subjectively offensive and unreasonable.

36. That Vipin Shah, M.D.'s uninvited statements of an egregious nature were severe, pervasive, and objectively and subjectively offensive and unreasonable.

37. The unlawful, egregious, and offensive conduct of Wexford supervisors, including Anitra Steckenrider and Vipin Shah, M.D., promoted an inappropriate and hostile atmosphere which altered the terms and conditions of Amy Flower's employment.

38. That the unlawful conduct was sufficiently severe and pervasive to create a hostile, intimidating working environment for Amy Flowers and became a condition of Amy Flower's employment.

39. That Wexford is strictly liable for the conduct of its supervisory and/or managerial employees, including Anitra Steckenrider and Vipin Shah, M.D., which constitutes sexual harassment of its employees, including Amy Flowers.

40. That as a direct and/or proximate result of the egregious and offensive conduct of Wexford, by and through its supervisory and/or managerial agent and employees, including Anitra Steckenrider and Vipin Shah, M.D., as described herein, Amy Flowers has sustained severe and permanent psychological injuries, and as a result thereof he has and will continue to experience:

    a. Mental pain and suffering;
    b. Emotional distress;
    c. Loss of a normal life;
    d. Lost wages; and
    e. Medical and counseling expenses.

WHEREFORE, Plaintiff prays this Court award judgment in favor of the Plaintiff and against the Defendant Wexford for compensatory and exemplary damages in an amount in excess of $50,000.00, plus attorney's fees, litigation costs, and costs of suit and for any other and further relief deemed just and proper under the circumstances.

Count III
Amy Flowers v. Wexford
*(Illinois Human Rights Act -- Retaliation)*

41. That Plaintiff Amy Flowers hereby incorporates paragraphs 1 through 40 herein as though fully set forth herein.

42. That in June 2013, Amy Flowers advised Vipin Shah, M.D. and Anitra Steckenrider that their comments were offensive and inappropriate.

43. That on June 13, 2013, Amy Flowers met with Jason Bradley, an Internal Affairs Officer for the State of Illinois, and reported incidents of inappropriate comments and conduct to him.

44. That following her report concerning the conduct of Vipin Shah, M.D. and Anitra Steckenrider, Amy Flowers was unlawfully subject to retaliation for reporting unlawful conduct and seeking redress therefor and/or correction thereof by Wexford agents, apparent agents, servants, and/or employees, including Anitra Steckenrider and Vipin Shah, M.D.

45. That the unlawful conduct and retaliation of Wexford employees unreasonably and materially altered the terms and conditions of Amy Flowers's employment following her report concerning the conduct of Vipin Shah, M.D. and Anitra Steekenrider, and such unlawful conduct caused Amy Flowers to suffer severe hardship and emotional distress.

46. That Wexford is vicariously and/or strictly liable for the conduct of Wexford agents, apparent agents, servants, and/or employees, including Anitra Steckenrider and Vipin Shah, M.D., which was within the course and scope of their employment as managerial and/or supervisory employees of Wexford.

47. That as a direct and/or proximate result of the unlawful and retaliatory conduct of Wexford, by and through its supervisory and/or managerial agent and employees, including Anitra Steckenrider and Vipin Shah, M.D., as described herein, Amy Flowers has sustained severe and permanent psychological injuries, and as a result thereof he has and will continue to experience:

    a. Mental pain and suffering;
    b. Emotional distress;
    e. Loss of a normal life;
    d. Lost wages; and
    e. Medical and counseling expenses.

WHEREFORE, Plaintiff prays this Court award judgment in favor of the Plaintiff and against the Defendant Wexford for compensatory and exemplary damages in an amount in excess of $50,000.00, plus attorney's fees, litigation costs, and costs of suit and for any other and further relief deemed just and proper under the circumstances.

Count IV
Amy Flowers v. Wexford
*(Negligent Hiring, Supervision, Retention, and Control)*

48. That Plaintiff Amy Flowers hereby incorporates paragraphs 1 through 47 herein as though fully set forth herein.

49. That from at least January 2013 until January 2014, Anitra Steckenrider was an agent, apparent agent, servant, and/or employee of Wexford and served as Director of Nursing within the Pinckneyville Correctional Center.

50. That on a regular basis Anitra Steckenrider as an agent, apparent agent, servant and/or an employee of the Defendant, subjected Wexford employees, including Amy Flowers, to uninvited and unwelcome offensive statements and conduct of a sexual nature.

51. That Anitaa Steckenrider's sexual harassment occurred during business hours and within the premises wherein Wexford conducted its business in the Pinckneyville Correctional Center.

52. That Wexford had a duty to protect Wexford employees, including Amy Flowers, from sexual harassment committed by Wexford employees, including Anitra Steckenrider. Beginning at least in February 2013, Wexford knew or reasonably should have known that Anitra Steckenrider engaged in unlawful conduct, but Defendant allowed Anitra Steckenrider's unlawful conduct and sexual harassment to continue to occur.

53. That Wexford knew or reasonably should have known that Anitra Steckenrider was engaging in inappropriate sexual harassment of Wexford employees, including Amy Flowers, yet allowed Anitra Steekenrider's unlawful conduct to continue to occur.

54. That during the aforementioned time period, Anitra Steckenrider sexually harassed Wexford employees, including Amy Flowers.

55. That from at least January 2013 until January 2014, Wexford was guilty of one or more of the following acts or omissions of negligence:

   a. Negligently and carelessly allowed Anitra Steckenrider to sexually harass Wexford employees, including Amy Flowers;
   b. Negligently and carelessly failed to enforce its anti-harassment and/or anti-discrimination policies;
   c. Negligently and carelessly failed to adequately supervise, oversee and/or monitor its agent, apparent agent, servant and/or employee, Anitra Steckenrider; and
   d. Negligently and carelessly retained and allowed Anitra Steckenrider to serve as Director of Nursing and remain a supervisory and/or managerial employee of Wexford when it knew or reasonably should have known that she was engaging in inappropriate behavior.

56. That from at least January 2013 until January 2014, Wexford had a duty to control their employees, including Anitra Steckenrider, from engaging in inappropriate and unlawful conduct, including sexual harassment, of Wexford employees, including Amy Flowers.

57. That at least from January 2013 until January 2014, Wexford knew or had reason to know that it had the ability to control Anitra Steckenrider and knew or should have known of the necessity and opportunity for exercising such control.

58. That at least from January 2013 until January 2014, Wexford had the ability and opportunity to take reasonable steps to control Anitra Steckenrider's conduct and prevent further acts of sexual harassment.

59. That in violation of its duty, Wexford failed to exercise reasonable care so as to control Anitra Steckenrider or prevent her from sexually harassing Wexford employees, including Amy Flowers.

60. That as a direct and/or proximate result of Wexford's failure to properly supervise or take reasonable action so as to control Anitra Steckenrider, as described herein, Amy Flowers was subjected to severe, pervasive, and unreasonable sexual harassment and has sustained severe

and permanent psychological injuries, and as a result thereof he has and will continue to experience:

    a. Mental pain and suffering;
    b. <u>Emotional distress;</u>
    c. Loss of a normal life;
    d. Lost wages; and
    e. Medical and counseling expenses.

WHEREFORE, Plaintiff prays this Court award judgment in favor of the Plaintiff and against the Defendant Wexford for compensatory and exemplary damages in an amount in excess of $50,000.00, plus attorney's fees, litigation costs, and costs of suit and for any other and further relief deemed just and proper under the circumstances.

Count V
Amy Flowers v. Anitra Steckenrider
*(Illinois Human Rights Act -- Sexual Harassment)*

61. That Plaintiff Amy Flowers hereby incorporates paragraphs 1 through 60 herein as though fully set forth herein.

62. That while employed by Wexford, Amy Flowers was subjected to unwelcome, egregious sexual harassment perpetrated by Wexford's Director of Nursing, Anitra Steckenrider.

63. That on a regular basis, Amy Flowers was subjected to Anitra Steckenrider's uninvited statements of an egregious and offensive sexual nature concerning male co-workers and Anitra Steckenrider's sexual preferences and sexual experiences, including obscene and

64. That Anitra Steckenrider's uninvited statements of an egregious sexual nature were severe, pervasive, and objectively and subjectively offensive and unreasonable.

65. The unlawful, egregious, and offensive conduct of Anitra Steckenrider promoted an inappropriate sexual atmosphere which altered the terms and conditions of Amy Flower's employment.

66. That the unlawful conduct was sufficiently severe and pervasive to create a hostile, intimidating working environment for Amy Flowers and became a condition of Amy Flower's employment.

67. That the effect of the unlawful conduct has been to deprive Amy Flowers of equal employment opportunities and adversely affected her status as an employee.

68. That as a direct and/or proximate result of the egregious and offensive conduct of Anitra Steckenrider, as described herein, Amy Flowers has sustained severe and permanent psychological injuries, and as a result thereof he has and will continue to experience:

    a. Mental pain and suffering;
    b. Emotional distress;
    c. Loss of a normal life; and
    d. Medical and counseling expenses.

WHEREFORE, Plaintiff prays this Court award judgment in favor of the Plaintiff and against the Defendant Anitra Steckenrider for compensatory and exemplary damages in an amount in excess of $50,000.00, plus attorney's fees, litigation costs, and costs of suit and for any other and further relief deemed just and proper under the circumstances.

Count VI
Amy Flowers v. Anitra Steckenrider
*(Illinois Human Rights Act -- Retaliation)*

69. That Plaintiff Amy Flowers hereby incorporates paragraphs 1 through 68 herein as though fully set forth herein.

70. That in June 2013, Amy Flowers advised Vipin Shah, M.D. and Anitra Steckenrider that their comments were offensive and inappropriate.

71. That on June 13, 2013, Amy Flowers met with Jason Bradley, an Internal Affairs Officer for the State of Illinois, and reported incidents of inappropriate comments and conduct to him.

72. That following her report concerning the conduct of Vipin Shah, M.D. and Anitra Steckenrider, Amy Flowers was unlawfully subject to retaliation for reporting unlawful conduct and seeking redress therefor and/or correction thereof by Anitra Steckenrider.

73. That the unlawful conduct and retaliation of Anitra Steckenrider unreasonably and materially altered the terms and conditions of Amy Flowers's employment following her report concerning the conduct of Vipin Shah, M.D. and Anitra Steckenrider, and such unlawful conduct caused Amy Flowers to suffer severe hardship and emotional distress.

74. That as a direct and proximate result, Amy Flowers suffered injuries and damages as a result thereof, including but not limited to past and future physical and mental injuries, including emotional pain and suffering.

WHEREFORE, Plaintiff prays this Court award judgment in favor of the Plaintiff and against the Defendant Anitra Steckenrider for compensatory and exemplary damages in an amount in excess of $50,000.00, plus attorney's fees, litigation costs, and costs of suit and for any other and further relief deemed just and proper under the circumstances.

Respectfully submitted,

WEILMUENSTER LAW GROUP, P.C.

/s/ Nathaniel 0. Brown
Nathaniel 0. Brown
IL No. 06302492
3201 West Main Street
Belleville, Illinois 62226
618-257-2222
618-257-2030
nob@weihnuensterlaw.corn
Attorney for Plaintiff